IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MITCHELL BROWN                                                                         PLAINTIFF

V.                                          NO. 10-5145

MICHAEL ASTRUE,
Commissioner of the Social Security Administration                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Mitchell Brown, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on November 26, 2007, alleging an inability to work since August 30, 2007, due to back pain, right hand tremors, and right arm and hand pain. (Tr. 130, 133). An administrative hearing was held on April 21, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 17-38).

By written decision dated July 20, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - borderline intellectual functioning, back disorder, and right hand tremors. (Tr. 48). However, after

reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix 1, Supbart P, Regulation No. 4. (Tr. 50). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), in that he can lift and carry 10 pounds and frequently less. He can sit for a total of 6 hours and he can stand and walk for a total of 2 hours. He has moderate limitations in maintaining social functioning and persistence, concentration, and pace. He can perform work where interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote, with few variables and little judgment required. Supervision required is simple, direct and concrete. This person can frequently grasp and handle with his right hand. His left hand has no limitations.

(Tr. 51-52). With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform other work in assembly production. (Tr. 54).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 25, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10,11).

**II.      Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports

the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.    Discussion:

Of particular concern to the undersigned is the fact that the ALJ found that Plaintiff had the RFC to perform sedentary work, and yet the position he found Plaintiff would be able to perform - assembly production - DOT No. 706.687-010, requires someone able to perform light work.  Therefore, the matter must be remanded in order for the ALJ to determine whether there are any sedentary jobs available that Plaintiff would be able to perform.

In addition, the ALJ found that Plaintiff's right hand tremors were a severe impairment. However, in his RFC finding, he indicated that the person "can frequently grasp and handle with his right hand."  He also found that the person's "left hand has no limitations."  On March 25, 2008, Plaintiff was assessed with "hand tremor" and "chronic rue tremor,"[1] by the Community Clinic at St. Francis House. (Tr. 251).  On July 12, 2008, the Community Clinic at St. Francis House again assessed Plaintiff with "Tremor, right hand, chronic (essential?)."  In a Disability Report-Appeal-dated February 8, 2008, Plaintiff reported that his right arm shook so badly when he used it that he used his left arm. (Tr. 159).  In another Disability Report - Appeal, dated April 1, 2008, Plaintiff reported that the tremors in his right hand were "about the same" but that his left hand was beginning to have tremors, and that because of the weakness in his right hand, it was hard to grip with his right hand. (Tr. 169).  Plaintiff reported that when he tried to hold or pick up something, his hand began to tremor, and that he also could not hold the grip. (Tr. 169).

---

[1] The Court assumes, for purposes of this case, that "rue" means right upper extremity.

AO72A
(Rev. 8/82)

The Court is unable to ascertain why, in light of the Community Clinic's diagnoses as well as Plaintiff's statements, the ALJ indicated in the RFC that Plaintiff could frequently grasp and handle with his right hand, especially since no Physical RFC Assessment was obtained. The Court recognizes that Plaintiff is left-handed and currently working at the Elizabeth Richardson Center. However, at the hearing, Plaintiff testified that he worked part-time, for less than minimum wage, and that his duties were basically to "take stuff out of boxes and repackage it and ship it out." He is not required to lift any weight greater than five pounds in the position.

In his decision, the ALJ addressed Plaintiff's right hand tremor as follows:

> The claimant, a left handed dominant individual, stated he has tremors in his right hand, pain in his arm and back, poor memory and right-sided weakness and poor reading and comprehension skills. In spite of his severe impairments, the claimant is able to continue working in a productive work setting (see generally 1F, 16E and testimony).

(Tr. 52). The ALJ did not address Plaintiff's worsening tremors or the fact that Plaintiff stated that he was beginning to have tremors in his left hand. In Plaintiff's Disability Report - Appeal, dated April 1, 2008, Plaintiff reported that he needed to see a neurologist for his back, and requested that the "DDS set up an appointment for a neurological exam for this young man." (Tr. 173). The Court is of the opinion that a neurological exam might also assist the ALJ in determining the source of the hand tremors.

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th

AO72A
(Rev. 8/82)

Cir. 2010).

Since the Court cannot ascertain with certainty what Plaintiff would be able to do physically in this case without a Physical RFC Assessment, especially with respect to his hands, and since the ALJ concluded that Plaintiff would be able to "frequently grasp and handle with his right hand," the Court believes the ALJ should direct that a neurological examination be performed on Plaintiff, not only to assess the cause of his back problems, but also to evaluate the cause of the hand tremors and the extent to which Plaintiff can use his hands in the work setting. The ALJ should then obtain a Physical RFC Assessment from the neurologist who examines Plaintiff, or another examining physician..

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a VE any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.   Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 11th day of August, 2011.

/s/ *Erin L. Setser*
 HON. ERIN L. SETSER
 UNITED STATES MAGISTRATE JUDGE